[No. 25722. Department One. November 26, 1935.]

W. T. CHRISTENSEN, as *Executor, Appellant,* v. JOHANNA MARIE OVERAA NIELSON *et al.,* *Respondents.*[1]

*Chadwick, Chadwick & Mills* (*A. S. Ryland* of counsel), for appellant.

*Clarence J. Coleman, Q. A. Kaune,* and *Joseph Coleman,* for respondents.

TOLMAN, J.—After the decision by this court in *In re Hanson's Estate,* 169 Wash. 637, 14 P. (2d) 702, sustaining the contest of certain wills, the will made by Mrs. Hanson dated May 19, 1930, was admitted to probate. The executor therein named qualified and, thereafter, brought this action to set aside and cancel

[1]Reported in 51 P. (2d) 615.

the deed dated June 2, 1930, by which Mrs. Hanson conveyed, or attempted to convey, to Johanna Marie Overaa Nielson her chief asset and the bulk of her property, consisting of a dairy farm in Snohomish county.

The defendants answered the complaint, admitting the execution and delivery of the deed and that they were in possession of the land claiming ownership thereunder; denying all allegations of fraud, conspiracy and undue influence, and pleading affirmatively that the conveyance was a *bona fide* transaction, which subsequently, with full knowledge, had been ratified and confirmed by the grantor.

Although an equitable action, the trial court, over the objection of the plaintiff, impaneled a jury to act in an advisory capacity. The jury returned a verdict adverse to plaintiff. The court adopted the verdict and entered a judgment dismissing the action. The plaintiff has appealed from that judgment.

The parties stipulated before the trial below that either might read into the record, as evidence, the testimony of any of the witnesses who testified in the prior will contest, and that the depositions used in the former case might be used in this case. Under this stipulation, the appellant introduced, by reading from the old records, all of the testimony which had been held to be sufficient to set aside the wills. Respondents likewise used such part of the old record as was favorable to them and supplemented it with oral testimony. No new facts were developed. The appellant introduced some new testimony on rebuttal, which, however, tends only to confirm the facts as found by this court in the prior case.

Under these circumstances, it seems idle to undertake now to set forth the facts other than to invite

a reference to the detailed and logical statement to be found in 169 Wash. 637.

The trial court submitted to the jury two questions: (1) Was the deed here sought to be cancelled the product of undue influence; and (2) did the grantor, after the delivery of the deed and when free from undue influence and with an understanding of what had gone before, voluntarily and intentionally ratify the deed?

The jury answered the first question in the negative and, therefore, did not answer the second question.

It is urged that the court erred in instructing the jury, but we see no good reason for discussing or determining that question. In our decision of the former case, we said:

"In this connection, it is significant, also, to note that the persons concerned were not content to allow the matter to rest in a testamentary expression of Mrs. Hanson's supposed affection for and sense of obligation to her niece. It was deemed advisable to capitalize the situation which had been created by the immediate transfer of the title to the property by deed to Mrs. Nielson. This was certainly an unusual proceeding; one which Mrs. Hanson would never have thought of, and which we are convinced she never would have agreed to had she been in full possession of her faculties and carrying into execution her own wishes, free from undue influence on the part of interested persons."

■ Realizing that this case must be decided upon its own facts and not upon facts found elsewhere, we have laboriously studied and weighed all of the evidence contained in this record with more pains and more care, because of the prior decision and the necessity of avoiding a natural prejudice therefrom.

Independently of all else and in spite of the verdict of the jury and the decision of the trial court, we are impelled by the evidence to reach the same con-

clusion as we did before upon the same evidence, namely: That the deed was obtained by undue influence.

Mrs. Hanson's marked and increasing mental instability during the last few months of her life rendered her peculiarly susceptible to the influence which was brought to bear upon her, and that influence continued until the day of her death. It is doubtful, indeed, if she ever had such a knowledge or realization of the facts as would enable her to ratify the deed; but whether so or not, she was never so far freed from the influence of others as to permit her, in her then mental state, to exercise a free and intelligent choice.

Under the facts and under well-established equitable principles, the deed must be set aside.

Reversed, and remanded for further proceedings in accordance with the views herein expressed.

MITCHELL, STEINERT, GERAGHTY, and BLAKE, JJ., concur.